[No. 2,480.]

M. C. TAYLOR *v.* FREDERICK L. CASTLE, ABRA-
HAM SELIGMAN, A. B. BRADY, A. B. DIBBLE,
JAMES K. BYRNE, REUBEN LEACH, JOHN J.
SYKES, GEORGE JOHNSON, JOHN VIGNON,
HUGHES VIGNON, LEON MOL ROQUIER, E. G.
WAITE, AND DONALD FRASER.

| 42 | 367 |
| 79 | 53 |
| 42 | 367 |
| 89 | 369 |
| 42 | 367 |
| 98 | 632 |
| 42 | 367 |
| 107 | 333 |
| 42 | 367 |
| 130 | 378 |

MINING PARTNERSHIP—NO DELECTUS PERSONÆ.—It is well established
that in mining partnerships there is usually no *delectus personæ,* and as
a consequence that such a partnership is not dissolved by the death of a
partner, or a sale of an interest by a partner to a stranger.

PURCHASE OF INTEREST IN MINING PARTNERSHIP MAKES PURCHASER A
PARTNER.—As a sale of an interest in a mining partnership by a partner
to a stranger does not dissolve the partnership, such stranger by his pur-
chase presumptively becomes a partner, though he takes no part in the
management of the partnership affairs, and does not hold himself out to
the world as a partner.

CONTRACT OF MINING PARTNERSHIP, WHERE NO REGULATIONS OR BY-
LAWS—USAGE.—Where a contract in writing purported to have been

made by a mining partnership in its firm name through its Secretary, and it appeared that such contract had been authorized by a vote of a majority of the shares at a meeting of the company, and after being signed by the Secretary had been ratified and approved in the same manner, and it further appeared that though there were no written regulations or by-laws the company usually did business in this way: *held*, that the recognized and established usage on the part of the firm should be taken as a part of the contract of partnership.

What may be Pleaded in Bar as Judgment in Former Action.— A judgment in a former action is well pleaded as a bar in a second action, provided the cause of action is the same, though the form of action has been changed.

What is "Same Cause of Action."—A cause of action is said to be the same as that in a former suit where the same evidence will support both actions; and a judgment in such former action will be a bar, provided the evidence necessary to sustain a judgment for plaintiff in the second would have authorized a judgment for plaintiff in such former one.

Appeal from the District Court of the Fourteenth Judicial District, Nevada County.

This was an action to recover the sum of three thousand dollars, the contract price for building a mill, alleged to be due from defendants as a mining partnership, doing business at Grass Valley, Nevada County, under the firm name and style of the New York Hill Mining Company. The defendants Castle and Seligman, in their answers, denied, among other things, that they or either of them were ever members of the partnership, or ever authorized or consented to the contract sued on, or were ever in any manner bound thereby; and they also set up, as a bar to the action, a judgment in their favor in a former action, brought by plaintiff against defendants for the same cause of action.

It appears that previous to the making of the contract for building the mill, the defendant Castle purchased the interest, being a one sixteenth, of P. H. Ford, one of the original partners of the New York Hill Mining Company, and afterwards sold one half of such sixteenth to the defendant Seligman. Neither Castle nor Seligman, however, attended the meetings of the partnership; and there was

nothing to show that they ever personally approved or consented to the contract of the company with the plaintiff.

The former action, which was pleaded in bar, was a suit by the same plaintiff against the same defendants, to recover the sum of two thousand six hundred and fifty dollars, alleged to be due on an accounting between the parties for building the mill under the same contract set up in this action. In that case there was a judgment in favor of defendants Castle and Seligman for their costs, and it was ordered, on plaintiff's motion, that the cause should be dismissed as to the other defendants, without prejudice to plaintiff's right to a new action.

On the trial the defendants Castle and Seligman rested their defense upon their plea of former recovery, and introduced in evidence the judgment roll in the former action. The Court below decided against their plea, and the cause then proceeded and resulted in a judgment for plaintiff against all the defendants for three thousand two hundred and eighty-five dollars and eighty cents. The defendants Castle and Seligman moved for a new trial, which was overruled, and they then took this appeal.

*G. F. & W. H. Sharp*, for Appellants.

The allegation of a partnership on the part of the defendants Castle and Seligman in the New York Hill Mining Company, was directly traversed by their answers. It was, therefore, incumbent upon the plaintiff to establish this fact, and, having failed to do so, it is apparent he made no case.

The judgment recovered in a former action was a complete bar. The issues, testimony, and proofs were the same in each; and it was incumbent upon the plaintiff to show that the issues in the present case differed from those in the former. (*Southgate* v. *Montgomery*, 1 Paige, 41; *Barkhead* v.

*Brown,* 5 Sandf. 134; *Miller* v. *Mourrice,* 6 Hill, 114; *Rice* v. *King,* 7 Johns. 20; *Holmes* v. *Benson,* 7 Johns. 288; *Baggs* v. *Clark,* 37 Cal. 237.)

*A. C. Niles* and *J. C. Deuel,* for Respondent.

The allegations of partnership on the part of the defendants Castle and Seligman in the New York Hill Mining Company was sustained by the evidence. Upon the law as to mining partnerships, see *Duryea* v. *Burt,* 28 Cal. 569; *Dougherty* v. *Creary,* 30 Cal. 290; *Settembre* v. *Putnam,* 30 Cal. 490; *Skillman* v. *Lachman,* 23 Cal. 198.

The judgment recovered in the former action was upon an account stated. The complaint in this case was founded upon an original contract, for a different sum of money, and requiring different and other testimony to support it. The issues were entirely different. The averment of contract in the complaint in the first action was merely matter of inducement and not the gist of the action. (See *Carey* v. *P. & C. Petroleum Co.* 33 Cal. 696; 1 Chitty on Pl. 358; *Holmes* v. *DeCamp,* 1 Johns. 34; 1 Greenleaf on Ev. Sec. 528 *et seq.; Dutchess of Kingston's Case,* 2 Smith's L. C. 573, and notes and authorities cited; *Hardenburg* v. *Bacon,* 33 Cal. 375; *People* v. *Skidmore,* 27 Cal. 293; *Gregory* v. *Burrell,* 2 Edwards, 417; *Smith* v. *Weeks,* 26 Barb. 465.)

By the Court, TEMPLE, J.:

It may be a matter of regret that our Courts have gone to the extent they have in excepting mining partnerships from the general law of partnerships. It is very well established now, however, that in such partnerships there is usually no *delectus personæ,* and from this difference many peculiarities arise, the principal of which is that the partnership is not dissolved by the death of a partner, nor as a consequence of

a sale of an interest by a partner to a stranger.  As, there-
fore, the sale of an interest to Seligman did not dissolve the
partnership, I think by his purchase he presumptively be-
came a partner, although he took no part in the manage-
ment of the partnership affairs, and never held himself out
to the world as a partner.

The action is brought upon a contract, by which the
plaintiff bound himself to erect a mill for the defendants.
The contract is in writing, and purports to have been made
by the defendants by their firm name, through James K.
Byrne, their Secretary.  It was proven that the contract
was authorized at a meeting of the company, and, after it
had been signed by the Secretary, was ratified and approved
in the same way.  There were no written regulations or by-
laws adopted for the government of the company, but it was
shown that they usually did business in this way.  A major-
ity of the shares at a meeting of the company authorized
contracts to be made, and the minority always acquiesced.
I think this shows a recognized and established usage on
the part of the firm which must be taken as a part of the
contract of partnership.

The defendants Castle and Seligman pleaded a former
recovery in bar, and, on the trial, introduced the judgment
roll of a former action brought by the same plaintiff against
the same defendants.  In his complaint in the first suit the
plaintiff recited the fact of the contract to erect a mill for
crushing rock, the performance of the contract on his part,
and the non-payment of the contract price, and then averred
an account stated between plaintiff and defendant, the ascer-
tainment of a balance due, which was less than the contract
price, and the promise on the part of defendants to pay that
sum.

The defendants, in their answer, denied specially each
allegation of the complaint.  Judgment was for the defend-
ants, but it does not appear upon what grounds.  No evi-

dence upon the subject was offered by either party, save the judgment roll, and the admission that the contract sued upon in this action was put in evidence upon the former trial.

Unquestionably the judgment in the former action is well pleaded as a bar in this suit, provided the cause of action is the same, although the form of action has been changed. The cause of action is said to be the same where the same evidence will support both actions; or, rather, the judgment in the former action will be a bar, provided the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former. The present action could be maintained upon proof of the contract, and performance on the part of plaintiff, and non-payment by defendants. This proof would not have sustained the former action. That was founded on the account stated and the agreement to pay the balance ascertained, and not upon the original contract. (*Carey* v. *P. & C. Petroleum Co.* 33 Cal. 694.)

Judgment and order affirmed:

Mr. Justice CROCKETT did not participate in the foregoing decision.