[No. 12754.  In Bank. — April 24, 1889.]

MILLICENT R. MAULDIN, APPELLANT, v. C. W. CLARK ET AL., RESPONDENTS.

TROVER — WASTE — CUTTING OF TIMBER — JUDGMENT IN EJECTMENT — RES ADJUDICATA — NONSUIT. — A claim of damages for waste committed in the cutting of timber is only for injury to the real estate; and a recovery in an action of ejectment in which such claim was made is no bar to a subsequent action of trover brought by the plaintiff in ejectment against the defendant for the conversion of cord-wood into which the timber was cut by the defendant after it was severed from the realty and became personal property. The judgment in ejectment is not evidence for any purpose in the action of trover, and if no other proof is given of plaintiff's ownership of the cord-wood than said judgment, the defendant is entitled to a nonsuit. (Per WORKS, J.; other justices concurring specially, but not agreeing as to the ground of decision.)

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of Mr. Justice Works.

*Grove L. Johnson, Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

The judgment was conclusive of plaintiff's right to recover in this action, the timber being cut after the date of the alleged ouster. (*Avery* v. *Superior Court,* 57 Cal. 247; *Aslin* v. *Parkin,* 2 Burr. 665; *Chirac* v. *Reinicker,* 11 Wheat. 280.) The admitted fact that the wood

was cut from the premises and sold by defendant proves a conversion, and trover is the proper remedy. (*Schulenberg* v. *Harriman*, 21 Wall. 44; *Halleck* v. *Mixer*, 16 Cal. 575; 1 Smith's Lead. Cas. 485.) The judgment was not a bar to this action. (Freeman on Judgments, sec. 259; *Taylor* v. *Castle*, 42 Cal. 372; *Miller* v. *Manice*, 6 Hill, 114; *Gill* v. *Cole*, 4 Har. & J. 403; 2 Am. Dec. 527.) There is a plain distinction between a judgment as a bar and as an estoppel as to a point of fact. (*Cromwell* v. *County of Sac*, 94 U. S. 357; *Davis* v. *Brown*, 94 U. S. 423; *Russell* v. *Place*, 94 U. S. 606.)

*A. L. Hart*, for Respondents.

The judgment in ejectment was a complete bar to this action. (*Gilchrist* v. *Bale*, 8 Watts, 355; 34 Am. Dec. 469; *Coffin* v. *Knott*, 2 G. Greene, 528; 52 Am. Dec. 537; *Agnew* v. *McElroy*, 10 Smedes & M. 552; 48 Am. Dec. 772; *Gray* v. *Gillilan*, 15 Ill. 453; 60 Am. Dec. 761; *Jackson* v. *Lodge*, 36 Cal. 28; *Clink* v. *Thurston*, 47 Cal. 21; *Quinn* v. *Kenney*, 47 Cal. 147; *Parnell* v. *Hahn*, 61 Cal. 131; *Hartson* v. *Shanklin*, 58 Cal. 248; *Shinn* v. *Young*, 57 Cal. 525; *Mace* v. *Merrill*, 56 Cal. 554; *Belcher Con. G. M. Co.* v. *Deferrari*, 62 Cal. 160; *Haven* v. *Haws*, 63 Cal. 452.)

Works, J. — This is an action for damages for the conversion of three thousand cords of wood. The complaint was not verified. The defendant pleads the general denial, and, as a separate defense, that prior to the bringing of this action the plaintiff brought a suit in the court below for the possession of certain real estate, decribing it, and to recover the rents and profits, and for six thousand dollars damages for waste, in knowingly, willfully, and maliciously cutting off and selling the timber on said real estate; and that judgment was rendered in favor of the plaintiff in said action for the recovery of said real estate, and against her as to the alleged damages for detention thereof and waste.

It is averred "that the wood and the value thereof

described in the complaint in this action constituted the rents and profits of the said land during the time that defendants were in the possession of the same as aforesaid, and is identical with that described in the complaint of plaintiff in the former action above named as having been cut and sold by defendants during their said possession of said property, and as constituting waste thereon. And the defendants aver that the said judgment in the said former action is now in full force, and is a bar to the recovery of the plaintiff in this action."

Upon the trial the plaintiff commenced her case by an attempt to prove the defense. The judgment roll of the case referred to was introduced in evidence, and proof made that while the defendants were in possession of the property they cut down timber, converted it into wood, and sold the wood. The value of the wood was proved, and the issuance of a writ of restitution and its service. The defendant moved for a nonsuit on several grounds, among others that there was no proof that plaintiff owned the property sued for, and that her cause of action was barred by the former action.

Counsel on both sides have elaborately argued the question, whether the former action was a bar or not, and incidentally, whether there was such a finding and judgment upon the question of waste as could bind the plaintiff under any circumstances.

Without going into a discussion of these questions, it is sufficient to say that the judgment could not bar this action, for the plain reason that the issues in the two cases were essentially and entirely different. (*Taylor* v. *Castle*, 42 Cal. 367.) So much of the former action as was based upon the allegation of waste was an action for injury to real estate. The case at bar is one for the conversion of personal property. But the nonsuit was rightly granted on the other ground mentioned. There was no proof that the plaintiff owned any cord-wood. Appellants contend that by proving the judgment for the possession

of the real estate they proved their ownership of the timber thereon. But they are not suing for injury to the timber, which would be a part of the real estate, but for the conversion of personal property, which has no connection with the realty. To hold with the appellant on this ground would compel us to hold that the judgment pleaded was a bar. If the former judgment concluded the respondents as to the ownership of the wood, it must be equally binding upon the appellant as to the right to recover damages therefor. We think the former judgment was totally immaterial to either of the parties in this action. The case should, therefore, be treated as if no such judgment had been pleaded or proved. So treating it, the plaintiff failed to prove her case, and the nonsuit was properly granted.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred in the judgment.

THORNTON, J.—I concur, on the ground that the judgment in the former action of *Mauldin* v. *Clark & Cox* constituted a bar to this action.

BEATTY, C. J.—I cannot agree that there was no evidence of a conversion by the defendants of the cord-wood belonging to the plaintiff.

But I concur in the judgment, on the ground that the evidence introduced by plaintiff to show her title in this action would have sustained a judgment in her favor for the damages claimed in her former action against the same defendants, and consequently that the judgment in that action—which was, in legal effect, a judgment against her on her claim for damages for cutting the same wood—is a bar to the present action.

PATERSON, J., concurred in the opinion of BEATTY, C. J.

Rehearing denied.