[No. 15183.   Department One. — October 20, 1893.]

## HENRY TOOMY, APPELLANT, *v.* JOSEPH P. HALE, RESPONDENT.

FORMER JUDGMENT—RES ADJUDICATA — ASSUMPSIT FOR SERVICES.—A judg-
ment in a former action upon an alleged contract for services, the com-
plaint in which alleged that plaintiffs' compensation under the agreement
amounted to eighteen hundred and seventy-five dollars, and also alleged
a new agreement, that the plaintiff should accept one thousand dollars
in consideration of immediate payment, in which former action the court
decided that the services alleged were performed at the request of a third
party, and not at the request of the defendant, is conclusive in bar of
another action subsequently brought to recover the reasonable value of
the same services, alleged to have been rendered at defendant's instance
and request.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Henry N. Clement,* for Appellant.

*A. H. Loughborough,* for Respondent.

PATERSON, J.—This action was brought to recover the
sum of seventeen hundred and seventy-five dollars, the
reasonable value of services alleged to have been ren-
dered at defendant's instance and request.

The court found that in a former action brought by
plaintiff against defendant it was adjudged that plain-
tiff did not render to defendant at the latter's instance
or request the services alleged in the complaint in that
action, and that defendant was not indebted to plaintiff
therefor; that the services mentioned in the complaint
herein are the same services alleged in the complaint

in the former action. The judgment in the former
action was held to be a bar to plaintiff's cause of action
set up herein, and judgment was entered for defendant.
From this judgment and an order denying his motion
for a new trial plaintiff has appealed.

Appellant contends that the complaint in the former
action was upon an account stated, or upon a *new con-
tract,* by the terms of which the defendant agreed to
pay, and plaintiff agreed to accept, one thousand dol-
lars in payment of the services alleged to have been
rendered. The allegations of that complaint were sub-
stantially as follows: defendant employed plaintiff to
find a party who would take a lease of certain premises
for a term of years, and promised to pay him therefor
out of the first rents collected two and one-half per cent
of the amount of rent to be paid during the term; that
plaintiff found a party willing to take the premises, and
on October 10, 1889, said party and defendant entered
into a contract of lease for a term of ten years at a
rental of six hundred and twenty-five dollars per month,
payable monthly in advance, from April 10, 1890; that
plaintiff's compensation under said agreement amounted
to the sum of eighteen hundred and seventy-five dol-
lars; "that thereafter there was an accounting by and
between said plaintiff and defendant for and about
the compensation to be paid by said defendant to
said plaintiff for said services, and in consideration of
immediate payment by said defendant to said plaintiff
of the sum of one thousand dollars, it was then and
there agreed by and between said plaintiff and said
defendant, on or about the fifteenth day of October, in
lieu of the agreement hereinbefore mentioned, the said
defendant should pay, and said plaintiff receive, in full
satisfaction for said services, the sum of one thousand
dollars cash, and defendant then and there paid to
plaintiff the sum of one hundred dollars on account,
but, though often requested, said defendant has failed
and refused to pay the remainder of said sum, to wit:

the sum of nine hundred dollars, which is now due and owing from defendant to plaintiff."

The care with which the particulars of the original contract—the character of services to be performed, the exact amount to be paid therefor, and manner of payment—and the result of plaintiff's efforts under it, are set forth in the complaint in the former action, indicate that the pleader had in view something more than merely a declaration of an account stated. The complaint was evidently framed for a double purpose, and, as there was no demurrer for uncertainty, or on the ground that two causes of action were improperly united, there is no doubt the plaintiff could have used it as a basis of recovery on either the original contract alleged and services performed thereunder, or on the new agreement that the plaintiff should accept one thousand dollars in consideration of immediate payment. Having gone to trial upon the issues thus tendered by himself, and the court having determined all of them against him, he is now bound by the decision. He cannot litigate the same question twice.

In the former action the court decided that the services alleged were performed at the request of and as the agent of the party to whom the premises were leased, and not at the request of defendant; and, although in that action an express promise to pay a certain amount was alleged, the finding is conclusive in this action on the same question that was involved, viz: were the services performed at the request or instance of defendant?

The judgment and order are affirmed.

HARRISON, J., and GAROUTTE, J., concurred.