[S. F. No. 1678.   Department One.—October 30, 1900.]

KATE PHELAN, Respondent, v. PATRICK QUINN, Appellant.

PRIVATE WAY—ACTION TO REMOVE GATE—FORMER JUDGMENT—ACTION
TO ABATE PRIVATE NUISANCE.—A former judgment for the defendant in an action to abate as a private nuisance alleged to be
specially injurious to the plaintiff a gate placed across a private
road at its connection with the public highway, is a bar to another action by the same plaintiff against the same defendant
to have it adjudged that plaintiff is entitled to the free use of
the same private road, and that the gate be adjudged an obstruction, and that the defendant be compelled to remove it,
and be restrained from placing or maintaining across said road
a gate or other obstruction, where it appears that substantially
the same issues were involved in both actions, and both depend
upon the same evidence.

ID.—DEDICATION OF PRIVATE ROAD NOT INVOLVED—ABATEMENT OF NUISANCE IN PRIVATE WAY.—It was not necessary for the plaintiff, in
order to maintain the former action, to prove that the private road had been dedicated to the public and had been
used and accepted by the public as a highway, and that plaintiff
was specially injured by the obstructions in a manner different
from the public at large.   A nuisance in a private way may be
enjoined or abated under section 731 of the Code of Civil Procedure.

ID.—DISPUTE OF RIGHT TO MAINTAIN GATE.—Where the real contention
in both actions related to the right of the defendant to maintain the gate in question, and did not relate to the character of
the road in which it was maintained, and that contention was
tried in both cases on the same facts and the same evidence,
the judgment in the first case on that subject matter is conclusive in the second case.

ID.—NATURE OF ACTION—CHANGE OF NAME OF THING OBJECTED TO.—The
nature of an action cannot be changed by changing the name
of the thing objected to; and an action to abate a gate as a
nuisance is of the same nature with an action to remove the
same gate as an obstruction.

ID.—SUFFICIENCY OF WIDTH OF GATE—ISSUE NOT CONCLUDED—NEW TRIAL.
Where there has been no previous adjudication of the question
whether the gate is wide enough for the convenient use of the
plaintiff's property as farming land, and there was evidence that
it may be made wider, and that it is not wide enough to admit a self-binder harvesting machine, though wide enough for
ordinary travel, a new trial will be granted to determine the
question whether a wider gate should be provided.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. G. W. Hunter, Judge.

The facts are stated in the opinion.

J. N. Gillett, for Appellant.

S. M. Buck, for Respondent.

CHIPMAN, C.—Action that plaintiff be adjudged entitled to the free use of a certain road; that the gate erected across the same by defendant be adjudged an obstruction, and that he be compelled to remove the same and be restrained from placing or maintaining across said road a gate or other obstruction; also for damages. Certain questions were submitted to a jury, the answers to which the court adopted as findings of fact and gave judgment for plaintiff. The court also found that the judgment pleaded by defendant was not a bar to the action. Defendant appeals from the judgment and from an order denying his motion for a new trial.

The evidence tended to show that in 1872 defendant purchased from Owen McNulty, plaintiff's father, one hundred and sixty acres of land which was situated between other land where McNulty resided and the public highway. A private road ran from McNulty's residence to the highway which was fenced on one side. When defendant purchased the land McNulty was maintaining a gate across the private road where it connected with the public highway, and defendant continued to maintain the gate and McNulty used it for five or six years thereafter. About 1878 or 1879, the defendant having constructed a fence on the unfenced side of the road, the gate fell into disuse and the road was open and so remained until in 1893 defendant placed another gate across this road at the point where the gate stood before, and this action was brought for its removal. In McNulty's deed of 1872 to defendant (which was a quitclaim) the gate was not mentioned, but the deed contained the following: "Excepting and reserving therefrom a right of way for a wagon road" (describing the strip of land constituting the way in question). In 1889

McNulty deeded to defendant by grant the same property, which deed contained the following: "This indenture is made to fortify, and as additional warranty to, the title of the hereinbefore described property in the party of the second part hereto, descending from a certain quitclaim deed dated April 30, 1872, made and executed by the first party to the party of the second part."

On November 8, 1887, Owen McNulty conveyed certain of his land to plaintiff, access to which from the public highway was by the road in question, and the deed contained the following provision: "Also a full, equal, undivided one-half interest in and to what is known as the 'Quinn Lane' in the southwest quarter of section 36, T. 4 N., R. 2 W., all in Humboldt meridian."

1. Defendant's plea of former judgment in bar of the action must first be disposed of. On February 1, 1896, plaintiff began her action against defendant for the abatement of the obstruction in question as a nuisance. After a trial by jury a judgment for defendant that plaintiff take nothing by her action was entered January 18, 1897. On March 3, 1897, the present action was begun. In the first complaint plaintiff alleged ownership of certain land, describing it; that it was "connected with a certain road and highway," describing the land reserved by the McNulty deed, "leading from said plaintiff's dwelling-house and premises to the main highways traveled by the general public of Humboldt county"; that said road (referring to the road in question) "affords the only access to said main highways from plaintiff's said dwelling-house and premises . . . . *and the obstruction of said road, as hereinafter set forth, is specially injurious to plaintiff"*; alleges that plaintiff and her predecessors in interest have for a long time been accustomed to travel "along said highway to and from said main highways . . . . without hindrance . . . . and of right ought still to use said road and highway free from all . . . . obstruction"; that "on or about July, 1893, said defendant wrongfully, maliciously, and wantonly obstructed said road and highway by placing fences and gates thereon, whereby plaintiff's ingress and egress to and from said main highways of said county was and is obstructed and cut off, . . . . and said ob-

struction greatly interferes with the comfortable enjoyment of plaintiff's said property *and is a private nuisance"* ; alleges damages in one thousand dollars. The prayer was: 1. That said obstruction be adjudged a nuisance; 2. That it be adjudged that said nuisance is specially injurious to plaintiff; 3. That said nuisance be abated; 4. For damages in the sum of one thousand dollars; 5. For such other and further relief as may be just and equitable; 6. For costs.

The complaint in the present action is identical with that in the first, except the words above in italics are not found in the last complaint, and the latter, in the paragraph alleging the wrongful obstruction erected in 1893, concludes as follows: "And renders said road less convenient and beneficial than before and materially interferes with plaintiff's use and enjoyment thereof." The prayer of the present complaint is: 1. That it be adjudged that plaintiff "is entitled to the free . . . . use . . . . of said road"; 2. That "the gate so placed and maintained across said road be adjudged an obstruction to the practical use of said road by plaintiff"; 3. That defendant be compelled to remove said gate and enjoined from placing any gate or obstruction across said road; 4. For damages of one thousand dollars; 5. For such other and further relief, etc.; 6. For costs.

In the present case certain deeds were introduced by plaintiff showing her own and defendant's title from McNulty, the deeds containing the exceptions relied upon; these same deeds were also introduced in the former trial. In the present case the question was submitted to the jury whether Owen McNulty, at the time he sold to defendant, maintained a gate and fence across the private way at a point where it connects with the public highway, and whether there was an agreement when McNulty deeded to defendant that the private road should be fenced and the road kept open at the will of McNulty. Substantially the same issues were submitted to the jury at the first trial. In both cases the question was submitted whether the road was a private way. In both cases there was a general verdict in addition to the answers to the specific issues, and in both cases the court made findings of fact and conclusions of law, different judges, however, sitting at the respective

trials. In the present case the court found as conclusion of law that the gate complained of is an obstruction to the practical use of the road by plaintiff; in the first case the court found that defendant had erected the gate complained of, but that plaintiff "was not and is not specially injured, nor has or does she by reason thereof suffer any damages different in kind from those sustained by the public at large," nor was her property injured thereby.

Respondent correctly states the rule that in order to constitute matter *res judicata* there must be certain enumerated existing identities. Mr. Freeman is cited to the effect that a judgment is conclusive only upon the issues tendered by the plaintiff's complaint. (Freeman on Judgments, 4th ed., sec. 249; 2 Black on Judgments, secs. 731-33; *Lillis v. Emigrant Ditch Co.,* 95 Cal. 558; *Cromwell v. County of Sacramento,* 94 U. S. 353.) The test is also claimed to be: "Would the same evidence support and establish both the present and former action?" If so, it is conceded the former recovery would be a bar; if otherwise, it does not stand in the way of the second action. (Citing Freeman on Judgments, sec. 259; 2 Black on Judgments, sec. 726; *Taylor v. Castle,* 42 Cal. 367.)

It is now claimed by respondent as conclusive of the question that in the former action "it was necessary for plaintiff to prove that the private road had been dedicated to the public and had been used for five or more years as a public highway, and had been accepted by the public either by the proper authorities or by continuous use; and that plaintiff was specially injured by the obstructions in a manner different from the public at large." It is claimed that no such issues were here tendered and that no such evidence was admissible in the present action; and, therefore, there is no bar.

In the first, as in the second action, defendant claimed that the road in question was a private way, and that by the reservations in the deeds and by the acts of the parties his right to maintain the gate or obstruction in question was secured to him. Plaintiff's right to use this road was given by her deed which conveyed to her an undivided one-half interest in the "Quinn Lane."

The obstruction in question was a nuisance upon plaintiff's theory of the case, and she had an action in which it might

have been enjoined or abated, or both (Code Civ. Proc., sec. 731); and she had this right if the road was a private way. (*Hardin v. Sin Claire*, 115 Cal. 460.) In both actions the road in question, the obstruction complained of, and the parties to the action were the same. The purpose of both actions was to cause the removal of the obstruction, and if at the first trial plaintiff had prevailed she could have had precisely the same relief as was granted her in the second action, for she asked, in addition to the abatement of the nuisance, "for such other and further relief as may be just and equitable." In both cases the complaints were so drawn as to entitle her to full equitable relief, and both cases seem to have been tried by the court as in equity, although special issues were submitted to the jury. So far as we can see, the same evidence would support both actions. The complaint did not in either case allege a public or a private road, but simply a road to the unobstructed use of which plaintiff was entitled. It was no more necessary in the former action than in the present one to show a dedicated road as claimed by respondent. The parties were relying on their right to the use of this particular road as it had formerly been used by their grantor, and the real bone of contention was as to the right of appellant to maintain the gate in question, and not as to the character of the road whether public or private, and this particular issue, as to the right to maintain the gate, was tried in both cases.

The first action was to abate a particular thing as a nuisance; the second action was to cause the removal of the same thing as an obstruction, but the thing was as much a nuisance when called an obstruction as when called a nuisance; the nature of the action was not changed by changing the name of the thing objected to. (See *Woolverton v. Baker*, 98 Cal. 628; *Parnell v. Hahn*, 61 Cal. 131.) We think the judgment in the first action was a bar to the present one, and this view of the case renders it unnecessary to notice the other points made by appellant.

2. There was evidence tending to show that the strip of land reserved for a road is twenty feet wide, that the gate erected by defendant is twelve feet wide, and the rest of the space is closed by posts and boards nailed thereon, and to ad-

mit a self-binder harvest machine a post must be removed and the fence taken down, although it appeared that the gate was the ordinary width and would probably admit a harvester if on trucks. The court found that the gate was wide enough for ordinary travel, but "not for all purposes for which said road may be conveniently used."

It may be that a wider gate should be provided, and this question has not been heretofore determined. The land of plaintiff is farming land, and the gate in question may not be of sufficient width for the convenient use of her property. For the determination of this issue alone a new trial should be granted, and we so advise.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed, and a new trial ordered upon the issue alone as indicated in the opinion.

Harrison, J., Van Dyke, J., Garoutte, J.

Hearing in Bank denied.