[L. A. No. 6075. In Bank.—June 12, 1919.]

## FRANK A. WILLIAMS, Appellant, v. ANNIE MACDON-ALD, Respondent.

[1] JUDGMENTS — WHEN A BAR.—A judgment in order to operate strictly as a bar to a subsequent action must have gone to the merits of the subsequent action, either in regard to some matter which the plaintiff must make out in order to entitle him to a recovery, or in regard to some affirmative defense, which is a defense to the second action as well as to the first.

[2] ID.—ACTION FOR REASONABLE VALUE OF SERVICES—FORMER ACTION FOR AGREED PRICE—JUDGMENT BAR TO SECOND ACTION.—In an action to recover the reasonable value of services, a judgment rendered in a former action for the agreed price of the work is a bar to the maintenance of the second action, where it appears from the judgment-roll in the first action that a defense, good as to the second action as well as the first, was presented by the pleadings in both actions, passed upon by the court in the first, and there determined in favor of the defendant and against the plaintiff.

APPEAL from a judgment of the Superior Court of the County of Los Angeles. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker and Robert E. Austin for Appellant.

Anderson & Anderson and T. G. Anderson for Respondent.

OLNEY, J.—This is an action to recover the reasonable value of dental services rendered the defendant by the plaintiff.

The complaint alleges in brief that the plaintiff is a licensed and practicing dentist; that at the request of the defendant, and upon her promise to pay the *reasonable value* thereof, he performed certain dental work for her, that such work was of the reasonable value of $550, and that plaintiff has not been paid.

The answer of the defendant denied that the work was done at her request or that it was of any value. It also set up that the plaintiff had brought a previous action against the defendant on the same demand and that after trial final judgment had gone against the plaintiff.

On the trial in this action the judgment-roll in the former action between the parties was introduced in evidence. It showed that the plaintiff had commenced an action to recover, not the reasonable value of, but the *agreed price* for the same dental work, that the defendant answered denying that any contract was made or that the work was of any value, that a trial was had, and that judgment was rendered in favor of the defendant.

Upon this showing and without evidence other than the judgment, the lower court directed judgment for the defendant in the present action. From this judgment the plaintiff appeals.

The plaintiff contends that the first action was one upon a contract for an agreed price, that the second and present one is upon a contract for the reasonable value of the work, that the two causes of action are not the same, and that the judgment against the plaintiff in the first is not a bar to the maintenance of the second. This is the plaintiff's sole contention.

If the fact were that judgment went against the plaintiff in the first action on the sole ground that there was no contract for the work at an agreed price, or even if the fact were that the judgment might have gone against him on that ground alone and the judgment-roll did not show the contrary, it might well be that the plaintiff's contention would be correct. A judgment in order to operate strictly as a bar to a subsequent action must have gone to the merits of the subsequent action. This is the full extent of the doctrine of such cases as *Taylor* v. *Castle,* 42 Cal. 367, *South San Bernardino etc. Co.* v. *San Bernardino Bank,* 127 Cal. 245, [59 Pac. 699], and *Heilig* v. *Parlin,* 134 Cal. 99, [66 Pac. 186], cited on behalf of the plaintiff. If, for example, the plaintiff has mistaken his legal remedy or the proper form of action, and judgment goes against him for that reason, the judgment is no bar to a second action rightly brought.

[1] On the other hand, if the judgment-roll shows that the judgment did go to the merits of the second action, either in regard to some matter which the plaintiff must make out in order to entitle him to a recovery, or in regard to some affirmative defense, which is a defense to the second action as well as to the first, then the judgment is a bar. (*Toomy* v. *Hale,* 100 Cal. 172, [34 Pac. 644]; *Reed* v. *Cross,* 116 Cal.

473, 485, [48 Pac. 491]; *Green* v. *Thornton,* 130 ·Cal. 482, [62 Pac. 750]; *Lamb* v. *Wahlenmaier,* 144 Cal. 91, [103 Am. St. Rep. 66, 77 Pac. 765]; *Koehler* v. *Holt etc. Co.,* 146 Cal. 335, [80 Pac. 73]; *Estate of Harrington,* 147 Cal. 124, [109 Am. St. Rep. 118, 81 Pac. 546].)

**[2]** In the present case the judgment-roll in the first action shows that a defense, good as to the second action as well as to the first, was presented by the pleadings in both actions, passed upon by the court in the first, and there determined in favor of the defendant and against the plaintiff. In response to a defense specially pleaded, the court found that the plaintiff's work had been done in so careless and negligent a manner as to be worthless to her. This fact, if true, was a good defense not only to the first, but to the second action, and its truth having been established as a finality between the parties, the judgment so establishing it is a bar to the second action, or possibly putting it more accurately, although the difference is here immaterial, is a final and conclusive defense to the second action.

Plaintiff's counsel in support of his position quotes the following from *Phelan* v. *Quinn,* 130 Cal. 374, 378, [62 Pac. 623, 624]: "Respondent correctly states the rule that in order to constitute matter *res judicata* there must be certain enumerated existing identities. Mr. Freeman is cited to the effect that a judgment is conclusive only upon the issues tendered by the plaintiff's complaint. (Freeman on Judgments, 4th ed., sec. 249; 2 Black on Judgments, secs. 731–733; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 558, [30 Pac. 1108]; *Cromwell* v. *County of Sacramento,* 94 U. S. 353, [24 L. Ed. 195, see, also, Rose's U. S. Notes].) The test is also claimed to be: 'Would the same evidence support and establish both the present and former action?' If so, it is conceded the former recovery would be a bar; if otherwise, it does not stand in the way of the second action. (Citing Freeman on Judgments, sec. 259; 2 Black on Judgments, sec. 726; *Taylor* v. *Castle,* 42 Cal. 367. . . . )"

In *Phelan* v. *Quinn* the cause of action involved in the second action was very clearly the same as that involved in the first and the court so held. The decision itself, therefore, does not immediately touch the point here. It may be worth while, however, to discuss briefly the two references to Freeman. It is said: "Mr. Freeman is cited to the effect that a

judgment is conclusive *only* upon the issues tendered by the complaint." But this is not what Mr. Freeman said. He was discussing the question as to when an issue is deemed to be concluded by a judgment, even though such issue was not actually made in the first action. His language is (section 249) : "The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action is misleading. What is really meant by this expression is, that a judgment is conclusive upon the issues tendered by the plaintiff's complaint." This language has no reference to the case of an issue tendered by the answer as distinguished from the complaint. That Mr. Freeman has no such distinction in mind is evident from his language a few sentences later when in summing up his discussion, he says: *Neither* party can decline to meet an issue tendered by the other, and then maintain that it has not become *res judicata.*"

As to the test, "Would the same evidence support and establish both the present and the former action?" it is necessary only to point out that the issue here adjudicated was one tendered by the answer by way of defense and not one tendered by the complaint. Such defense would be supported and established by exactly the same evidence both in the present and in the former action. The test is one which in principle is as applicable to an affirmative defense as to the issues tendered by the complaint. It was certainly very far from Mr. Freeman's intention to say that an affirmative defense once litigated and determined between the parties is not conclusive between them, and yet this is necessary if the language referred to is to be taken as supporting the plaintiff's position.

Judgment affirmed.

Shaw, J., Lennon, J., Lawlor, J., Wilbur, J., Melvin, J., and Angellotti, C. J., concurred.