461 P.2d 717

Kathleen A. HECK, Claimant-Respondent,

v.

DOW, INC. and Truck Insurance Exchange,
Defendants-Appellants.

No. 10395.

Supreme Court of Idaho.

Dec. 2, 1969.

John S. Simko, of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendants-appellants.

Manweiler, Webb & Tway, Boise, for claimant-respondent.

SPEAR, Justice.

This is an appeal from an order of the Industrial Accident Board awarding death and burial benefits to claimant-respondent based on the death of Donald E. Heck, respondent's husband and the father of respondent's four minor children, the Board having found that such death was caused by an accident arising out of and in the course of Donald E. Heck's employment by the defendant-appellant, Dow, Inc.

The pertinent facts of those stipulated by the parties and adopted as findings of fact by the Board are as follows: At all times material to this decision, Dow, Inc., the employer-appellant, was a corporation organized, licensed and existing under the laws of the State of Wyoming but was licensed and authorized to do business in the State of Idaho as a foreign corporation. This appellant was engaged in the business of selling a certain type of vacuum cleaner in Idaho. Its employees within the state of Idaho were covered under the Workmen's Compensation Law of the State of

Idaho, and for its liability thereunder said employer was secured by bond of the other defendant-appellant, Truck Insurance Exchange.

On and for some time prior to April 4, 1968, Donald E. Heck, deceased, was in the employ of said Dow, Inc. as its manager of the Boise, Idaho, office, his regular duties being:

" * * * to hire and train salesmen and office employees; arrange for advertising and see that advertising money was properly spent; supervise the sales staff; supervise bookkeeping and report to the company and in general do all the other incidentals usual in the management of an office."

On that date, i. e., April 4, 1968, decedent was married to respondent and had four dependent minor children. His earnings were sufficient to support an award of maximum death benefit rates under the Workmen's Compensation Law of the State of Idaho—$40.00 per week.

The Board further found that:

"On April 4, 1968, the decedent, Donald E. Heck, was killed in a light airplane accident while flying as a passenger with the President of the defendant, Dow, Inc., and a pilot employed by said corporation, from Boise, Idaho to Springfield, Oregon, at the direction and request of his immediate supervisor, Donald Dow, the said president of the defendant, Dow, Inc. The purpose of said trip was to obtain office space and employ personnel to manage business of the defendant Dow, Inc., within the State of Oregon. At the time of the decedent Donald E. Heck's death, he was neither a stockholder, officer, or member of the Board of Directors of the defendant, Dow, Inc. Further, no new corporation was to be formed within the State of Oregon, but the defendant, Dow, Inc., would seek authorization to transact business within the said State of Oregon as a foreign corporation."

It was further found that there had been filed with the Board (1) proper and due notice of death of said Donald E. Heck; (2) a claim for Compensation in a Death Case; and (3) a petition of hearing of said claim.

From the foregoing facts, the Board ruled that on April 4, 1968, the deceased, Donald E. Heck, was working for, and in the employment of, Dow, Inc., doing business within the State of Idaho, and that he was killed by an accident arising out of and in the course of that employment outside the State of Idaho. The Board reasoned that inasmuch as the principal employment of the decedent was covered by the Workmen's Compensation Law of the State of Idaho, the incidental services being rendered by the decedent to the appellant-employer were also covered. The Board also held that such employment was not "casual employment," unquestionably referring to the exclusion of that type of employment under the provisions of I.C. § 72–105A(3).

Though appellants (defendants) contended that the activities of the decedent on the date in question were of an "executive" nature and thus outside the coverage provided under the Idaho Workmen's Compensation Law, the Board held to the contrary and awarded death and burial benefits to respondent widow and her four children in the amount of $16,500.00. From this award appellants have perfected this appeal.

In our opinion, the order of the Industrial Accident Board should be affirmed.

On this appeal, appellants have raised, by their assignments of error, only two issues: (1) Did the Board err in ruling that the decedent, Donald E. Heck, was an employee or workmen covered by the provisions of the Idaho Workmen's Compensation Law? and (2) Did the Board err in ruling that the decedent was not engaged in casual employment at the time of his death?

■ Concerning the first issue, it is the contention of appellants that the decedent's employment as office manager placed him in the category of an executive officer rather than an employee or workman of

the appellant company and that such employment should not be deemed covered under the provisions of the Idaho Workmen's Compensation Law. The authorities relied upon by appellants support the contention that most workmen's compensation acts differentiate between executive officers and employees or workmen and do not cover the former because "they are not generally subject to hazards or risks, nor is their compensation ordinarily affected by temporary disability caused by injuries received while engaged in their employment." Bendix v. Bendix Co., 217 Minn. 439, 14 N.W.2d 464 (1944); United States v. Bernstein, 179 F.2d 105 (C.A. 4th); Gassaway v. Gassaway & Owen, 220 N.C. 694, 18 S.E.2d 120 (1942); 99 C.J.S. Workmen's Compensation § 82a, p. 301.

The facts, as found by the Board, disclose that the deceased was compensated once a week upon the amount of the sales of himself and the other employees of the Idaho office during the previous week. He was not a salaried executive nor could he possibly be deemed an "executive officer engaged exclusively in designating and executing the general policies of the business." Thus appellants failed to establish the deceased an executive officer as that term is used in the authorities cited.

Appellants additionally rely heavily on the Idaho decision of Albertini v. Hull Lease, 54 Idaho 30, 28 P.2d 205 (1933). However the pertinent language of the court in that opinion is as follows:

" * * * The denial of compensation to partner-workmen appears to be based on the theory that 'the Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general duty as a partner, or under a special duty as a partner, or under a special

agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm'." 54 Idaho at p. 33, 28 P.2d at p. 206

As was stipulated by the parties and specifically found by the Board, at the time of the fatal accident the decedent was not a stockholder, an officer or a member of the board of directors of the appellant company. The president of the company was the decedent's immediate supervisor and in making the plane trip to Oregon decedent was engaged in his employer's business at the direction of his supervisor. Under these facts and circumstances the Board queried " * * * how can it conceivably be said that the decedent was at the same time both principal and agent, or a master and a servant, at the same time, or an employer and employee, at the same time, so as to come within the principle set forth * * *" in the Albertini case.

With this reasoning we concur, and hold the Board did not err in ruling the decedent an employee rather than an executive officer. However, since the issue was not raised we do not decide whether or not an "executive officer" is, or could be, covered under the provisions of the Idaho Workmen's Compensation Act.

Concerning the second issue, appellants' contention is founded upon I.C. § 72-105A(3), the pertinent portion of which provides as follows:

"None of the provisions of this act shall apply to the following employments, * * *

* * * * * *

"3. Casual employment."

It is clear from this provision that "casual employment" is excluded or exempt from coverage under the provisions of the Workmen's Compensation Act of Idaho, with certain exceptions set forth in I.C. § 72-105B not involved in the cause before us. The meaning of that term, as used in the statute, has been much discussed in Idaho case law, the most recent decision

being Manning v. Win Her Stables, Inc., 91 Idaho 549, 428 P.2d 55 (1967); and in these cases, cited in *Manning,* the rule has been established that the word "casual" applies to the *employment* and not to the *employee.* Also well established is the principle that a hard and fast definition of "casual employment" is not possible, but that each case must be decided largely upon its own facts. However Idaho has established a general definition of "casual employment," this being:

"'* * * an employment that arises occasionally or incidentally or which comes at uncertain times or at irregular intervals, for a limited or temporary purpose and whose happening cannot be reasonably anticipated as certain or likely to occur or to become necessary or desirable and which is not a usual concomitant of the business, trade or profession of the employer.'" Manning v. Win Her Stables, Inc., supra; Wachtler v. Calnon, 90 Idaho 468, 413 P.2d 449 (1966); Vogl v. Smythe, 74 Idaho 115, 258 P.2d 355 (1953)

This definition, however, is not applicable to the cause before the court.

The decedent was a regularly employed workman or employee of the appellant company. The company was already authorized to do business in the states of Montana and Idaho, and was engaged in the establishment of an additional branch office for the company in the state of Oregon. The decedent was directed by the president of the appellant company to assist in the furtherance of the company's business in this manner, and in the course of so doing the decedent was killed by accident.

The Board, in ruling that such employment was not casual employment, found:

"It is reasonable to foresee that an office manager of any particular office of the defendant, Dow, Inc., as part of his duties, would be required to supply and be asked for information relative to the establishment and operative procedures of offices of the corporation in other localities based upon an office manager's experience in such type of work."

The Board also ruled:

"While the principle [sic] and usual duties of the said defendant consisted of managing the office and operations of the defendant in Idaho, Dow, Inc., he incidentally, at the request of his supervisor the President of said corporation, was assisting and advising the said president in regard to establishing a similar operation, as that being conducted in Idaho, in the State of Oregon. Inasmuch as the principle [sic] employment of the decedent was covered under the Workmen's Compensation Law of the State of Idaho, the incidental services being rendered by the decedent to the defendant, Dow, Ind., [sic] were also covered, * * *"

In effect, what the Board concluded was that the establishment of a branch office for the purpose of doing the regular business of the appellant company in the State of Oregon was a usual and essential part of the business of an expanding corporation, and the appellant company diverted the deceased from his regular duties and used him for that purpose. The fact that it meant transporting the employee to a state other than the one in which he was domiciled and in which he usually performed his duties for the appellant company, coupled with the fact that the fatal accident occurred in the other state while en route to perform such incidental duties, is insufficient to constitute such employment as "casual employment" within the meaning of I.C. § 72–105A(3). With this we agree.

Order of the Industrial Accident Board affirmed. Costs to respondent.

McFADDEN, C. J., and DONALDSON and SHEPARD, JJ., concur.

McQUADE, Justice (concurring specially).

I concur in the conclusion.

This case does not necessitate a determination of law as suggested by the majority opinion. The conclusion reached is decided by the finding of the Industrial Board. As required by art. 5, sec. 9 of the Idaho Constitution this Court must not disturb such finding. The facts in this case dictate the conclusion to be reached.

Casual employment as somewhat defined by the majority was established in Idaho in Flynn v. Carson, 42 Idaho 141, 243 P. 818 (1926) wherein this Court quoted from Holmen Creamery Asso. v. Industrial Commission, 167 Wis. 470, 167 N.W. 808, 809 (1918). It is to be noted that this quotation has been the definition for casual employment in Idaho regardless of paraphrasing of such definition in subsequent opinions.