(October 30, 1923.)

THEODORE SWANSON, Respondent, v. N. T. OLSEN, Appellant.

[220 Pac. 407.]

LANDLORD AND TENANT—UNLAWFUL DETAINER—RENT, SECURITY FOR—
CHATTEL MORTGAGE—NONSUIT—AMENDMENTS—EVIDENCE.

1. Where plaintiff makes a *prima facie* case in unlawful detainer, it is not error for the court to refuse to grant a motion for nonsuit.

2. *Held,* where a landlord has security for his rent he is not precluded from a recourse to the remedy of unlawful detainer for restitution of the premises, even though he has begun foreclosure proceedings to recover the rent due.

3. An action in unlawful detainer is a possessory action, and the taking of security does not deprive the landlord of the right to restitution of the premises as provided by statute.

4. The legality of proceedings to foreclose a chattel mortgage given as security for rent is not subject to review in an action in unlawful detainer.

5. The granting or refusing of amendments is addressed to the sound discretion of the trial court, and unless there is an abuse of such discretion the ruling thereon will not be disturbed on appeal.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Ralph W. Adair, Judge.

Action in unlawful detainer. Judgment for plaintiff. *Affirmed.*

J. M. Stevens, for Appellant.

There can be no money judgment in an action to foreclose a mortgage, either real or chattel, until the exhaustion of the mortgaged security, after which a money judgment may be entered for any deficiency. (*Barnes v. Buffalo Pitts Co.,* 6 Ida. 519, 57 Pac. 267.)

A holder of a note secured by mortgage may not maintain an action at law, without foreclosing, unless the security has become valueless. (*Clark v. Paddock,* 24 Ida. 142, 132 Pac. 795, 46 L. R. A., N. S., 475.)

A mortgagee who by his own illegal acts disposes of mortgaged property cannot thereafter maintain an action for the balance due on the mortgage debt. (*Rein v. Callaway,* 7 Ida. 634, 65 Pac. 63.)

William Edens, for Respondent.

"The fact that the landlord has security for his rent does not preclude a recourse to the remedy of unlawful detainer, for that is a possessory action, and it was not intended by legislature that the taking of security should deprive the landlord of the rights conferred by the statute." (*Arnold v. Krigbaum,* 169 Cal. 143, Ann. Cas. 1916D, 370, 146 Pac. 423; *Toplitz v. Standard Co.,* 25 Cal. App. 575, 143 Pac. 52; *Ashcroft Estate Co. v. Nelson,* 26 Cal. App. 400, 147 Pac. 101.)

C. S., sec. 6949, which provides that there can be but one action for the recovery of any debt or the enforcement of any right secured by any mortgage upon real or personal property has no application in an unlawful detainer action, as unlawful detainer action is primarily a possessory action which cannot be defeated or delayed by the fact that the landlord has taken security for his rent. (*Toplitz v. Standard Co., supra.*)

BUDGE, C. J.—This is an action in unlawful detainer. From the record it appears that on January 7, 1919, respondent leased to appellant a certain farm for a period of

five years at an agreed annual rental of $1,835.55, payable on the first day of November of each year. The lease provided, among other things, that: "the party of the second part agrees that he will, to secure the payment of said rental, make, execute and deliver to the party of the first part, each and every year during the term of this lease, a crop mortgage upon all of the crops to be raised on the said premises during the respective year for which the crop mortgage is given." And also that: "should the party of the second part . . . . fail to make the above payments as herein specified, . . . . then and in that case it shall be lawful for the said party of the first part . . . . to re-enter and take full and absolute possession of the above rented premises and hold and enjoy the same fully and absolutely, without such re-entering working a forfeiture of the rents to be paid and the covenants to be performed by the said party of the second part."

On August 5, 1920, to secure the payment of the rent for the year 1920, as in the lease provided, appellant made, executed and delivered to respondent a chattel mortgage upon the crops growing on said premises. Appellant failed to pay the rent on November 1, 1920. On November 6, 1920, respondent commenced summary proceedings by notice and sale to foreclose the chattel mortgage and on November 10, 1920, caused a notice to pay rent or surrender possession within three days, as provided by C. S., sec. 7322, to be served upon appellant. Upon appellant's failure to comply with the demand contained in the notice he thereupon commenced this action in unlawful detainer to obtain possession of the premises, the complaint being filed on November 15, 1920. It should be noted that the complaint in the first instance prayed only for restitution of the premises. Appellant in his answer set up as affirmative defenses the summary foreclosure of the chattel mortgage alleging that respondent having adopted that remedy he was estopped to maintain the present action and also that respondent having failed to make demand upon appellant for peaceable possession of the mortgaged chattels, the foreclosure proceedings

were invalid and it was impossible to determine the amount
of rent due to respondent. On April 7, 1921, the cause was
tried to the court sitting without a jury. Evidence was in-
troduced by respondent tending to show breach of the terms
of the lease and also the amount of rent due. The sheriff's
return of sale was admitted in evidence showing that $375
was realized by respondent upon the sale of the mortgaged
chattels and applied upon the rent due. Respondent's com-
plaint alleged that rent due for the first year of the lease
was due and unpaid. The proof showed that the rent due
was for the second year and on application the court per-
mitted the complaint to be amended to conform to the proof.
At the close of respondent's testimony a motion for nonsuit
was made by appellant, which was overruled by the court.
Appellant declining to introduce evidence, the court took the
matter under advisement and on April 11, 1921, announced
its decision to the effect that respondent was entitled to
restitution of the premises and judgment for $1,460.55 rental
due for the year 1920, and directed counsel for respondent
to prepare findings and conclusions. On April 19, 1921,
upon application, the court permitted respondent to amend
his complaint to conform to the proof as will be hereafter
noted. On the same day, to wit, April 19, 1921, the court
signed findings and conclusions of law and entered an alter-
native judgment in favor of respondent for the sum of
$1,460.55, the judgment providing that execution should not
issue thereon until the expiration of five days and in the
event payment was made into court of the amount found due
as rent with interest thereon and costs of the action, the
judgment should be deemed satisfied and appellant should
be restored to possession of the premises, otherwise the lease
to be canceled and respondent restored to possession of the
premises. From this judgment this appeal is taken.

Appellant specifies and relies upon nine assignments of
error. The first is "that the court erred in Finding No. 2,
wherein the court found that the sum of $1,835.55, rent for
the second year of said lease became due and owing to the
plaintiff . . . . and that the defendant failed to make pay-

ment thereof according to the terms of said lease.'' We think this finding to be supported by the evidence when read in connection with Finding No. 6 hereinafter referred to. The rent was not paid for the year 1920 nor within three days after demand made as required by C. S., sec. 7322. This being true, respondent was entitled to restitution of the premises.

Appellant's second assignment of error attacks the court's Finding No. 6 ''wherein the court found that at the time of the trial there was still due the plaintiff, the sum of $1,835.55 less $375—a total of $1,460.55 due on said premises for the year 1920.'' The record discloses that upon the sale of the mortgaged chattels the same were purchased by respondent for the sum of $375, which amount was deducted from the rent due for 1920, leaving a balance due of $1,460.55. We think this finding is amply sustained by the testimony and that it was the duty of the court, under the provisions of C. S., sec. 7335, to determine therefrom the amount of rent due and that the court did not err in this respect.

In the third, fourth and fifth assignments of error, appellant complains of certain conclusions of law involving the action of the court in denying appellant's motion for nonsuit, awarding restitution of the premises and declaring the lease forfeited. An examination of the record convinces us that respondent made a *prima facie* case of unlawful detainer and the court properly overruled the motion for nonsuit and there is no merit in these assignments of error.

Coming now to the sixth assignment of error, appellant complains that the court erred in overruling his motion for nonsuit for the reason that no cause of action existed in his favor at the time the suit was filed. Respondent was entitled to restitution of the premises upon the showing made, and this independently of the fact that respondent had security for the rent. As was held in the case of *Toplitz v. Standard Co.,* 25 Cal. App. 575, 143 Pac. 52:

''The fact that the landlord had security for his rent did not preclude a recourse to the remedy of unlawful detainer for that is a possessory action and it was not intended by the

legislature that the taking of security should deprive the landlord of the rights conferred by the statute."

The giving of security for the rent does not constitute the payment of rent. The action of unlawful detainer is not an action for the recovery of a debt but is a summary proceeding for restitution of the property.

Appellant contends that the summary proceedings for the foreclosure of the chattel mortgage were invalid for the reason that no demand was made upon respondent for peaceable possession of the mortgaged property as provided in C. S., sec. 6380. The foreclosure of the chattel mortgage was an independent proceeding and its validity is not subject to review in this action.

There is no merit in Assignment No. 7.

In the eighth and ninth assignments of error appellant insists that "The court erred in permitting the plaintiff, over defendant's objection, to amend paragraph five of his complaint by adding: 'That there is now due and owing to the plaintiff from the defendant the sum of $1,835.55, due as rental for the year 1920, that said amount was due and unpaid at the time of the filing of this action; that since the filing of this action there has been paid on said amount the sum of $375—received from the foreclosure of a chattel mortgage, which had heretofore been given to secure said sum; that there is now due and owing the plaintiff the sum of $1,460.55''; and "in permitting the plaintiff, over defendant's objection, to amend his prayer by adding: 'That plaintiff further prays for judgment against the defendant for the sum of $1,460.55, due as rental on said premises for the year 1920, and for such other relief as to the court may seem just in the premises.' '' The allowance of amendments to pleadings to conform to the proof rests in the sound discretion of the trial court and unless there is an abuse of that discretion, the action of the court in allowing the amendment will not be disturbed. This rule, we think, is particularly applicable in cases of this character. We do not think that there was such an abuse of discretion in the allowance of the

amendment as would justify a reversal of the judgment for that reason. However, we do not wish to be understood as approving the pleadings filed in this case, which made an amendment necessary.

There is no merit in the tenth assignment of error.

In the eleventh assignment of error appellant complains of the action of the court in sustaining an objection to the following question propounded to the respondent:

"Q. Now, if you recover that money, $300, three hundred and some dollars, are you going to give it to Olsen, credit on his lease money?"

This question was objectionable upon the ground that it called for a conclusion of the witness and further that it was not within the issues made by the pleadings and was therefore properly sustained.

From what has been said it follows that the judgment of the trial court should be sustained and it is so ordered. Costs are awarded to respondent.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.