(No. 5784. April 9, 1932.)

FRED L. RICHARDSON and JAY LEONARD, Appellants, v. WILLIAM T. KING, BERT KING and MRS. BERT KING, Respondents.

[10 Pac. (2d) 323.]

E. W. Whitcomb, for Appellants.

E. H. Casterlin, for Respondents.

GIVENS, J.—■ This action was originally instituted in the probate court, as unlawful detainer, expressly under C. S., sec. 7322, but after the answer was filed, at the desire of both parties, removed to the district court, because as they stated title to real estate was involved. Thereafter, and by reason of the matters considered at the trial, the judgment entered, and the contentions on appeal, it is a little difficult to determine just what the nature of the action became, because title is not involved in an unlawful detainer suit. (*Reay v. Cotter,* 29 Cal. 168; *Felton v. Millard,* 81 Cal. 540, 21 Pac. 533, 22 Pac. 750; *Knowles v. Murphy,* 107 Cal. 107, 40 Pac. 111; *Thompson v. Reynolds,* 53 Utah, 437, 174 Pac. 164; *Williams v. Nelson,* 65 Utah, 304, 237 Pac. 217.)

The appellants alleged in substance that about March 14, 1930, respondent William T. King (the other respondents were nominal only, and need not be mentioned or considered further) gave his note to appellants, dated March 7, 1930, due in thirty days, which, together with a deed made by appellants to respondent, was placed in escrow in the Citizens National Bank of Salmon, with directions that on the payment of the note the bank was to deliver the deed and note to respondent King; if he failed to pay the note, the note was to be delivered to him, and the deed delivered to appellants. That thereafter, all parties appeared at the bank, the note was not paid, and the deed was returned to appellants and the note to King, and that thereafter the appellants permitted King and his brother and sister-in-law to remain upon the premises; that notice was served upon them to quit, under C. S., sec. 7322, and deliver over the premises; having failed and refused to do so, restitution of the premises was asked, and damages for the unlawful detention in the amount of $50.

The answer in substance alleged that prior to March 7, 1930, the premises had been deeded to Lemhi county because of the unpaid taxes thereon; that on that day the re-

spondent King borrowed from appellants the sum of
$562.26, the amount necessary to redeem from said taxes,
which amount was so paid for the redemption, and a re-
demption deed issued to King from the county, on that day;
that also on that day, King gave a warranty deed to the prem-
ises to appellants, and a note due in thirty days for $581.26,
the difference between the note and the amount paid to re-
deem being certain expenses, recording fees, attorneys' fees,
etc., in connection with the drawing and recording of the
deeds and papers involved; that thereafter an agreement was
entered into between the same parties, but as part of the
same transaction, whereby the appellants agreed to reconvey
the premises to King upon payment of the note in question;
that thereafter, on April 7, 1930, the defendant arranged
to borrow money to pay the note; that the appellants
fraudulently induced him to allow the matter to remain
quiescent, on the alleged false representation that they would
carry him for the amount of the note; that thereafter, on
May 5, 1930, the appellants fraudulently induced King to
allow the papers to be withdrawn from the bank; that they
stated they would still continue to carry him for the in-
debtedness, and alleged that the transaction in fact
amounted to a mortgage to secure the payment of the
amount paid, and that the transaction, except as a mort-
gage, and for the $581.26, was without value or considera-
tion to respondent; that the premises were reasonably worth
$2,000; and respondent asked that appellants take nothing
by their complaint.

The court found that the transaction amounted to a mort-
gage, and entered a decree to that effect; that the appellants
recover nothing; that respondent King was entitled to the
possession of the premises and his costs, and that the instru-
ments, the note and agreement above referred to were,
except as a mortgage, without consideration.

Appellants have assigned several errors, in substance,
however, only two: That the evidence is insufficient to prove
that the transaction amounted to a mortgage rather than
an outright sale of the premises by King to appellants, with

an agreement to purchase back which he did not perform, and that equity required on his part an offer to redeem from the mortgage, under the doctrine of *Machold v. Farnan,* 20 Ida. 80, 117 Pac. 408, and *Shaner v. Rathdrum State Bank,* 29 Ida. 576, 161 Pac. 90.

The respondents contend the evidence is sufficient, and as against the assignment that equity required an offer to redeem, that in an action for unlawful detainer, no affirmative relief can be asked, and that none was. As to this point, however, respondent's position is inconsistent, because the judgment not only denied appellants relief, but affirmatively held the transaction a mortgage, and thus did what respondent contends was, under his first defensive point, impossible under the issues. Respondent also contends that he was relieved from the necessity of tendering payment or redemption, and so alleging in his answer, because he produced evidence to the effect that appellants had refused a tender.

 The complaint did not allege directly or by implication a lease or tenancy. (*Gaskill v. Jacobs,* 38 Ida. 795, 225 Pac. 499.) This court has four separate times held that in an action for unlawful detainer, the sole question involved is right of possession, and no other issues may be injected. (*Hunter v. Porter,* 10 Ida. 72, 77 Pac. 434; *Wolter v. Dixon,* 29 Ida. 26, 157 Pac. 250; *Swanson v. Olson,* 38 Ida. 24, 29, 220 Pac. 407; *Obermeyer v. Kendall,* 38 Ida. 283, 220 Pac. 751.) While, perhaps, it was proper as a defense for the respondent to set up the matters in his answer (*Coe v. Bennett,* 39 Ida. 176, 226 Pac. 736; *Newman Co. v. Lassing,* 141 Cal. 174, 74 Pac. 761; *Ogle v. Hubbel,* 1 Cal. App. 357, 82 Pac. 217, 219), under the above authorities construing the nature of an action for unlawful detainer, the judgment went beyond the issues (*Bond v. Chapman,* 34 Wash. 606, 76 Pac. 97), since it should have merely determined whether the relation of landlord and tenant existed, and, if so, whether the respondent was in default. If either, or both, of the two propositions should be answered in the negative, the proper judgment was

merely to deny appellants relief. (*Coe v. Bennett, supra; Chambers v. Irish,* 132 Iowa, 319, 109 N. W. 787; *Putnam v. McClain,* 198 Iowa, 287, 199 N. W. 261.)

"If, in order to determine the right of possession, the court must determine which party has the paramount legal or equitable title, then the rights of the parties cannot be determined in an action of forcible entry and detainer." (*Jones v. Seawell,* 13 Okl. 711, 76 Pac. 154, 155. See, also, *Klein v. Loeffler,* 96 Cal. App. 383, 274 Pac. 373.)

"Being thus limited in its scope and purpose, a judgment rendered in such an action (unlawful detainer) can have no broader application than the proceeding itself, and, the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters." (*Bekins v. Trull,* 69 Cal. App. 40, 230 Pac. 24, 26.)

It is therefore unnecessary for us to consider whether the evidence was sufficient to show that the transaction amounted to a mortgage, or to determine any question as to tender or otherwise, in connection with the transaction, if it amounted to a mortgage. In view of this solution, we should not, and need not, examine the testimony further than to determine, as we do, that the evidence was sufficient to justify the trial court in concluding that the relation of landlord and tenant did not exist, and since no rental was alleged or proved, the court of course could not find that the respondent was in default in the payment of rent, or as a tenant, obligated to give over possession of the property, or the, or any, amount due. (C. S., sec. 7335.)

The judgment of the trial court is therefore ordered modified, by striking therefrom paragraphs 2, 4 and 5, and striking paragraphs 1, 2, 8, 9, 10, 11, 13, 14 and 15 from the findings, and paragraphs 3 and 4 from the conclusions, leaving a judgment in favor of respondents only to the effect that the appellants take nothing in this action and that respondent recover his costs.

So modified, the judgment is affirmed. No costs awarded.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.