## Zoller Estate.

Argued March 30, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Edmund W. Ridall, Jr.,* for appellant.

No argument was made nor brief submitted for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, April 22, 1953:

This is a will construction case. The question presented is whether, upon the termination of an active trust for "maintenance and upkeep" of devised real estate, upon the sale of such real estate, the unexpended portion of the trust fund passes to the surviving grantor-devisee or forms part of testator's residuary estate. A majority of the court below, one Judge dissenting, ruled that such unexpended fund formed part of the residuary estate. The surviving devisee has appealed.

William Zoller, testator, died September 16, 1927. He was survived by seven children—six daughters and

one son—who are the residuary devisees and legatees. Two of such residuary shares are in trust. Three of his daughters were unmarried: Rosella, Henrietta (appellant) and Mary.

By the fourth item of the will, which is the one requiring construction, testator provided: "FOURTH: I devise to my three daughters, Rosella Zoller, Henrietta Zoller and Mary Mathilda Zoller, and to the survivor or survivors as joint tenants and not as tenants in common, my farm and summer home . . . and I direct my Executors or Trustees herein named to set apart for them, or their survivor, from my estate, the sum of Forty Thousand ($40,000.00) Dollars and to hold the same in trust paying thereout each year to my said three daughters, or the survivor or survivors, the sum of Two Thousand ($2000.00) Dollars for the maintenance and upkeep of said farm and summer home until said fund, and the earnings and income thereof are exhausted. I direct that no partition or sale of said above described premises be made within a period of Twenty years from and after my decease, and in case this provision as to sale or partition thereof be not complied with then, and in that case any part of said sum of Forty Thousand ($40,000.00) Dollars then remaining unexpended in the hands of said Executors or Trustees shall revert to and become part of my residuary estate."

The trustees as directed set aside the $40,000 trust fund and have since administered it. The real estate was not sold within twenty years but was retained until 1951—a period of twenty-four years—when appellant, as surviving joint tenant sold it. During the twenty-four year period the trustees paid the devisees and the survivor $2000. each year for the "maintenance and upkeep" of the real estate. Upon the sale there remained unexpended in the hands of the trustees the

sum of $17,500, the fund now in dispute. A majority of the court decided that the fund should be distributed as part of the residue.

At the outset it is to be noted that testator did not make an *absolute gift* of $40,000, with earnings and income, payable in annual instalments, until the fund was exhausted, coupled with an expression of the motive for making the gift. Where the gift is *absolute* but testator expresses his reason for making it, such language is regarded merely as explanatory of the motive for making the gift and not as a limitation: *Cunningham's Estate,* 340 Pa. 265, 272, 16 A. 2d 712, and cases therein cited; *Evans Estate,* 372 Pa. 284, 93 A. 2d 683.

Testator directed $40,000 to be set aside in the hands of his trustees. He imposed active duties upon the trustees. By necessary implication testator required his trustees to invest the corpus, because he directed them to distribute the "earnings and income," with the corpus, for the purposes of the trust. The clearly expressed purpose of the trust was "for the maintenance and upkeep" of the devised real estate. Testator directed his trustees to pay his daughters or the survivor out of the trust fund the annual sum of $2000, *for that purpose.* Such a trust is valid. It is an active trust for a lawful purpose. A trust is active where from the nature of the trust the trustees are charged with the performance of active and substantial duties with respect to the control, management and disposition of the trust property for the benefit of the *cestui que trust*: *Dodson v. Ball,* 60 Pa. 492; *Henderson's Estate,* 258 Pa. 510, 102 A. 217. See also: *Van Syckel's Trust,* 319 Pa. 347, 349, 179 A. 721; Scott on Trusts, §69.1; Restatement, Trusts, §69 et seq.

The trust being for "maintenance and upkeep" of the devised real estate was in manifest relief of the daughters. It is clear that testator did not contem-

plate, after the real estate had been sold, the payments to the daughters for such *"maintenance and upkeep"* should be thereafter continued for real estate which his daughters or the survivor no longer owned. That testator had no such intent is manifest when he provided: ". . . no partition or sale . . . be made within a period of Twenty years . . ." after his decease. That he questioned the validity of such a restraint upon alienation is apparent when he provided: ". . . in case this provision as to sale or partition thereof be not complied with . . ." any remaining unexpended trust fund should revert and become part of his residuary estate. Testator's apprehension concerning the invalidity of such restraint upon alienation was well founded: *Sparr v. Kidder*, 265 Pa. 61, 63, 108 A. 204; *Pattin v. Scott*, 270 Pa. 49, 112 A. 911; *Reiff v. Pepo*, 290 Pa. 508, 512, 139 A. 144, and the cases and authorities therein cited.

The real estate was not sold within twenty years. But testator's directions concerning the consequences of the devisees' disregard of his attempted restriction against alienation illuminates his obvious intent that the trust provision in relief of his daughters continued *only while they owned the real estate and ceased upon its sale.* While testator manifestly contemplated that the payments of $2000. per annum would at the end of twenty years consume the trust corpus of $40,000, what he overlooked was that his devisees might retain title for over twenty years and that "earnings and income" might enhance the trust fund. *No dispositive direction was made by testator concerning any unexpended portion of the trust estate in the event of a sale after the twenty year period.* As also stated the real estate was held for twenty-four years; $2000. was paid in each and every year for twenty-four years and $17,500. remained unexpended in the fund when the

sale took place. Since the terms of the trust were fully performed *without exhausting the fund,* and because testator in erecting the trust made no provision for the disposition of this unexpended balance, the trustees hold this portion of the fund under a resulting trust for the benefit of the estate of testator and it is distributable under the terms of testator's testamentary residuary clause: Restatement, Trusts, Section 430: "Where the owner of property gratuitously transfers it upon a trust which is properly declared but which is fully performed without exhausting the trust estate, the trustee holds the surplus upon a resulting trust for the transferor or his estate, unless the transferor properly manifested an intention that no resulting trust of the surplus should arise." See to the same effect, Scott on Trusts, §430 et seq.

Appellant contends that, reading the will from its four corners, testator's intent is disclosed to make an *absolute* gift of $40,000 with earnings and income to his daughters and the survivor, payable in annual instalments of $2000. She points to items 5 and 6 as substantiating her claim. With this contention we do not agree. Item 5 relates to the same devisees with a trust for a similar purpose, concerning other real estate, probably testator's *town house.* In that trust of $20,000 the trustees were directed to pay to the daughters or survivor the annual sum of $1500. for "maintenance and upkeep" of the real estate. True there is *no provision* in this item against alienation, nor a provision that in case of violation the fund should be paid into the residuary estate. But here again, the trust was an active one. For the foregoing reasons any unexpended portion of the fund after the termination of the trust *passes by operation of law* into testator's residuary estate. In item 6 the *real estate* was not devised under testator's will. It was owned by the daugh-

ter Mary in her own right. The *trustees* were directed to pay out of the $10,000 trust fund with "earnings and upkeep" the annual sum of $700 for "maintenance and upkeep" of the real estate. In neither item 5 nor 6 was there the slightest indication of an *absolute gift* of the trust funds.

As we do not agree that under item 4 there was a vested gift of the trust fund to the daughters or the survivor, the doctrine of *forfeiture* does not apply. The active trust was only intended to operate during the ownership of the real estate by the devisees or the survivor.

We agree with the majority of the court below that the unexpended portion of this fund is held by the trustees under a resulting trust for the benefit of the estate of testator, and consequently falls into the residue, constituting property not effectively disposed of: *Bricker's Estate,* 335 Pa. 300, 303, 6 A. 2d 905; *Yeisley Estate,* 358 Pa. 200, 202, 56 A. 2d 205, and cases therein cited.

The definitive decree of distribution is affirmed, costs to be paid out of the fund.