S03A0370. REASOR v. PEOPLES FINANCIAL SERVICES, INC.
(579 SE2d 742)

CARLEY, Justice.

Pursuant to the will of Dr. Robert Benjamin Strickland, a trust was established after his death in 1977 for the benefit of his widow for life and then for his three children for life, with the remainder to be distributed to his grandchildren. Jason S. Reasor, as a son of Dr. Strickland's daughter, is a beneficiary of the trust. The trustee sold all of the trust's real property to Peoples Financial Services, Inc. (Appellee) in 1999 and, after the death of Reasor's mother that same year, distributed her share of the trust corpus to Reasor and his brothers. Reasor later filed suit against Appellee seeking to enforce prescriptive rights to real property and to have the court order the removal of an obstruction from a road across the property. Reasor alleged that in 1978, while his family was living adjacent to the land owned by the trust, his father fenced in a pasture on a portion of the trust land, and that the family's use of it, including the road and septic tank lines thereon, was exclusive, open, and continual until Appellee breached the fence and blocked the road in 2001. On cross-motions for summary judgment, the trial court granted Appellee's motion and denied the motion filed by Reasor for the following reasons:

In the present case, [Reasor] cannot adversely possess against the Strickland Trust because he is beneficiary of the Trust. The Strickland Trust directly states that the lands are to be used for the benefit of the beneficiaries. [Reasor] and his family's use of the land is consistent with the Trust and is a permissive use under the terms of the Trust. Secondly, when the Strickland Trust sold this property to [Appellee], that transaction is in effect a sale by such benefi-

ciaries, and the beneficiaries cannot prescribe against the title conveyed by their Trustee. [Cit.]

Reasor appeals from this order.

The relationship between a trustee and beneficiaries is such that, "[w]here a trustee is barred [by a statute of limitations], the beneficiaries of the estate represented by him shall also be barred." OCGA § 9-3-5. Thus, prescriptive title can ripen in favor of a third person holding property "adversely, so as to bar both the trustee and the beneficiaries. [Cits.]" *Reynolds v. Smith*, 186 Ga. 838, 841 (199 SE 137) (1938). See also *Cushman v. Coleman*, 92 Ga. 772 (1), 775 (19 SE 46) (1894). However, prescription cannot begin to run in favor of the trustee of an express trust against the beneficiaries so long as he acknowledges the continuation of the trust, " 'for the reason that the possession of the trustee is the possession of the cestui que trust . . . .' [Cits.]" *Slade v. Barber*, 200 Ga. 405, 411 (3) (37 SE2d 143) (1946). See also *Keaton v. Greenwood*, 8 Ga. 97, 103 (2) (1850).

For the identical reason, "[t]he same principle applies where the cestui que trust is in possession." *Lewis v. Hawkins*, 90 U. S. 119, 126 (23 LE 113) (1874). "A cestui que trust in possession of trust realty is in law regarded as a tenant at will of the trustee, his possession being subordinate and not adverse to the trustee's legal title." *Robertson v. Swayne*, 378 P2d 195, 198 (Idaho 1963). See also *Lewis v. Hawkins*, supra at 126; Bogert, Trusts and Trustees § 995, p. 255 (2nd ed. rev. 1983). " 'Therefore, until this tenancy is determined there can be no adverse possession between the parties.' [Cit.] The relation once established is presumed to continue. . . ." *Lewis v. Hawkins*, supra at 126. See also Bogert, supra. "In the absence of a clear and manifest hostility brought to the knowledge of the trustee, and until the tenancy of the cestui is terminated, he cannot hold adversely to the trustee. [Cit.]" *Robertson v. Swayne*, supra at 198. Nor can the cestui que trust hold adversely to his co-beneficiaries unless such clear and manifest hostility is made known to them. *Winn v. Strickland*, 16 S 606, 613 (Fla. 1894).

For prescriptive title to ripen in favor of a trustee, he must deny the trust, and his possession must become "adverse, tortious and wrongful" and "must be open, continued and notorious, so as to preclude all doubt as to the character of the holding of the property, or the want of knowledge on the part of the *cestui que trust*." *Pace v. Payne*, 73 Ga. 670 (2) (a) (1884). The same requirements logically apply to the possession by a beneficiary as well. *Lewis v. Hawkins*, supra at 126. See also *Robertson v. Swayne*, supra at 198; *Winn v. Strickland*, supra at 613.

The evidence submitted by Appellee shows that the possession of the land by Reasor and his family was consistent with their status as

beneficiaries. Reasor did not present any evidence that they ever denied the existence of the trust or the trustee's legal title, or that the character of their possession of the property, including the road and the septic tank lines, was adverse and was clearly brought to the knowledge of the trustee. Thus, Reasor remained in the ordinary posture of a beneficiary of a trust and was estopped from denying the title which the trustee conveyed to Appellee. "A sale by a trustee of land held by him in trust for beneficiaries is in effect a sale by such beneficiaries, and the beneficiaries can not prescribe against the title conveyed by their trustee." *Johnson v. Hume*, 163 Ga. 867 (2) (137 SE 56) (1927). Therefore, Reasor's continued possession of a portion of the property after the sale could not be adverse to Appellee. *Stepp v. Stepp*, 195 Ga. 595, 596 (5), (6) (25 SE2d 6) (1943); *Johnson v. Hume*, supra at 867 (1).

Accordingly, the trial court correctly granted summary judgment in favor of Appellee.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 29, 2003.

*Bridgers, Stringfellow, Bland & Peters, Henry R. Stringfellow*, for appellant.

*The Fears Firm, Alfred D. Fears, Kenneth G. Lawrence, Douglas R. Ballard, Jr.*, for appellee.