IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 34377

| NADENE R. CARTER, NORMA R. BENNETT, LAREE LARSON, MELVIN S. ROBERTS, Beneficiaries of the Norman H. Roberts Family Revocable Trust, | ) ) ) ) | |
|---|---|---|
| | ) | Idaho Falls, September 2008 Term |
| Plaintiffs-Appellants, | ) ) | 2009 Opinion No. 23 |
| v. | ) ) | Filed: February 11, 2009 |
| FLORA and DONOVAN ZOLLINGER, | ) ) | Stephen W. Kenyon, Clerk |
| Defendants-Respondents. | ) ) ) ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, for Franklin County. Honorable Don L. Harding, District Judge. Honorable Mark A. Beebe, Magistrate Judge.

District court decision dismissing the unlawful detainer action, <u>affirmed</u>.

Daines & Wyatt, LLP, Ephraim, for appellant. Jonathan Jenkins argued.

Thomsen Stephens Law Offices, PLLC, Idaho Falls, for respondent. Michael Wheiler argued.

———————————

BURDICK, J.

This appeal concerns whether ownership of property can be determined in an unlawful detainer summary proceeding under Idaho Code § 6-303. We affirm the magistrate court's ruling that the unlawful detainer action should have been dismissed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Norman and Afton Roberts were the parents of the appellants: Nadene Carter, Norma Bennett, LaRee Larson, and Melvin Roberts (collectively Appellants), as well as of Respondent Flora Zollinger, and of Ellis Roberts, who is not a party to this case. Norman and Afton Roberts created the Norman H. Roberts Family Revocable Trust (the Family Revocable Trust) on September 25, 1981. Appellants, Respondent Zollinger and Roberts are the beneficiaries of the

1

Family Revocable Trust. The corpus of the Family Revocable Trust included the real property located at 129 West 4800, Preston, Idaho (hereinafter the Fairview property).

When Norman Roberts died on September 25, 1995, the property in the Family Revocable Trust was divided between two trusts: the irrevocable Family Trust and the revocable Marital Trust. Afton Roberts was the trustee of both trusts, but had the power to administer and distribute the assets in the revocable Marital Trust only. The parties dispute whether the Fairview property went into the irrevocable Family Trust or whether each trust had a partial interest in the property.

By a letter dated December 20, 1995, Afton Roberts expressed her wish that Flora and Donovan Zollinger (collectively Respondents) receive the Fairview property upon her passing. On September 18, 1996, Afton Roberts signed a document setting forth her wishes regarding the distribution of assets upon her death. The document provides that each beneficiary would receive the equivalent of approximately $100,000 upon Afton Roberts's death. The document provides Respondents would receive the Fairview property as their inheritance, of which Afton Roberts stated $40,000 worth of equity had already been transferred to Respondents. The Fairview property was valued at approximately $95,000 in 1995. Since November 1995, Respondents have collected rents from other renters, paid all taxes, and made all improvements on the Fairview property. Respondents moved onto the Fairview property in March of 2001 with the understanding that they were to receive the Fairview property as their inheritance. Afton Roberts died on May 14, 2002. Respondents currently live on the Fairview property.

On September 10, 2005, Nadene Carter, acting as trustee, drafted a Notice of Termination of Tenancy at Will which the Franklin County Sheriff then served upon Respondents. When Respondents failed to vacate the Fairview property, Appellants filed this unlawful detainer action to evict Respondents from the premises.[1]

The magistrate court dismissed the unlawful detainer action on Respondents' motion for summary judgment because it decided the uncontroverted facts before the court demonstrated as a matter of law that no landlord-tenant relationship exists between Respondents and the Trust.

---

[1] Appellants brought this action as beneficiaries of the Norman H. Roberts Family Revocable Trust. According to the trust documents, upon Afton Roberts's death, all remaining property went into one trust, but the documents do not give this trust a name.

The district court upheld the magistrate court's grant of summary judgment on the same grounds. Appellants timely filed this appeal.

## II. STANDARD OF REVIEW

When the district court has rendered a decision on an appeal from the magistrate division,this Court reviews the district court decision directly. The Court has free review of the legal issues analyzed by the district court acting in its appellate capacity. *Losser v. Bradstreet,* 145 Idaho 670, 672, 183 P.3d 758, 760 (2008).

## III. ANALYSIS

The district court affirmed a summary judgment issued by the magistrate judge finding that an unlawful detainer action was inappropriate. Appellants disagree with the district court's opinion and appeal.

Appellants brought the action for unlawful detainer and rely upon dicta in *Robertson v. Swayne*, 85 Idaho 239, 378 P.2d 195 (1963). Appellants argue that Respondents are tenants at will of the trust thereby validating the unlawful detainer action. *See Robertson*, 85 Idaho at 244, 378 P.2d at 198 ("A cestui que trust in possession of trust realty is in law regarded as a tenant at will of the trustee. . . ."). However, *Robertson* is distinguishable in that it was not an unlawful detainer action. Also, the language Appellants rely on was not determinative in *Robertson*, rather, it was used to support the conclusion that because that particular trust beneficiary's possession of the property began as permissive and the tenancy was never terminated, the beneficiary did not hold adversely to the trustee. In *Robertson* there were facts showing that the plaintiff lived on the trust property with permission of the trustee and that he was accountable to the trust for his management of the property.

The statement this Court made in *Robertson* does not establish that, for the purposes of an unlawful detainer action, a trust beneficiary in possession of property held in legal title by the trustee is always necessarily a tenant at will. The question presented in an unlawful detainer action is whether a conventional landlord-tenant relationship exists, which is determined based on the individual facts of the case. *See Coe v. Bennett*, 39 Idaho 176, 183–84, 226 P. 736, 738 (1924) (implicitly requiring a determination of fact by requiring a conventional landlord-tenant relationship). Thus, there is no support for Appellants' argument that Respondents are tenants at will as a matter of law.

The resolution of this case was answered in the 1932 case entitled *Richardson v. King*, 51 Idaho 762, 766–67, 10 P.2d 323, 324–25 (1932), which states as follows:

This court has four separate times held that, in an action for unlawful detainer, the sole question involved is right of possession, and no other issues may be injected. While, perhaps, it was proper as a defense, for the respondent to set up the matters in his answer, under the above authorities construing the nature of an action for unlawful detainer, the judgment went beyond the issues, since it should have merely determined whether the relation of landlord and tenant existed, and, if so, whether the respondent was in default. If either, or both, of the two propositions should be answered in the negative, the proper judgment was merely to deny appellants relief.

"If, in order to determine the right of possession, the court must determine which party has the paramount legal or equitable title, then the rights of the parties cannot be determined in an action of forcible entry and detainer."

"Being thus limited in its scope and purpose, a judgment rendered in such an action (unlawful detainer) can have no broader application than the proceeding itself, and, the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters."
. . .

In view of this solution, we should not, and need not, examine the testimony further than to determine, as we do, that the evidence was sufficient to justify the trial court in concluding that the relation of landlord and tenant did not exist, and, since no rental was alleged or proved, the court of course could not find that the respondent was in default in the payment of rent, or, as a tenant, obligated to give over possession of the property, or the, or any, amount due.

(Citations omitted).

Although *Richardson* and *Coe* answer the legal question as to the analysis and parameters of an unlawful detainer action, there remain issues of res judicata and collateral estoppel concerning other facts found by the magistrate or district court. As stated previously the critical language in *Richardson* is the following statement:

[T]he judgment went beyond the issues, since it should have merely determined whether the relation of landlord and tenant existed, and, if so, whether the respondent was in default. If either, or both, of the two propositions should be answered in the negative, the proper judgment was merely to deny appellants relief.

51 Idaho 762, 766–767, 10 P.2d 323, 324 (1932) (citations omitted).

This Court has subsequently emphasized the limited relief that may be afforded in an unlawful detainer action. In *Fry v. Weyen*, 58 Idaho 181, 190–91, 70 P.2d 359, 363 (1937), this

4

court affirmed an order awarding possession in an unlawful detainer action, but modified the judgment by striking language purportedly quieting title in the plaintiff.

In the present case, both the magistrate and the district court went beyond the narrow inquiry appropriate to an unlawful detainer action. The magistrate concluded "that at a minimum the defendants are the owners of an approximate 42% beneficial interest in the property" and that "the plaintiffs are estopped to deny the efficacy of their mother's gift to the Zollingers." Although the district court correctly concluded that it was appropriate to vacate "all the findings and conclusions of the Magistrate not . . . necessary to evaluate the existence of a landlord-tenant relationship," the district court did conclude that "the Magistrate Court correctly held that estoppel prevents Plaintiffs from denying the interest of Defendants in the Fairview property." As previously set forth by the Court in *Richardson,* these holdings are not entitled to preclusive effect. Specifically, the Court stated:

> Being thus limited in its scope and purpose, a judgment rendered in such an action (unlawful detainer) can have no broader application than the proceeding itself, and, the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters.

*Richardson,* 51 Idaho at 767, 10 P.2d at 324.

This language was quoted from *Bekins v. Trull*, 230 P. 24, 25–26 (Cal. 2d. Dist. Ct. App. 1924), in which the California court explained why the decision in an unlawful detainer action is not entitled to preclusive effect in subsequent litigation:

> The only question involved in this appeal is: Were the plaintiffs estopped in the present action from proving their case by the judgment rendered in the former action? The first action, as we have already seen; was an action of unlawful detainer, and the present action is one in the nature of an action to quiet title. In the first action the sole question in issue was the right to the possession of the real property described in the complaint. In the present action the question in issue is the title to said real property. It has been repeatedly held in this state that a judgment in an action of unlawful detainer is not a bar to an action to determine the title to the real property involved in the former action.
>
> . . .
>
> Respondent relies upon the cases of *Williams v. MacDonald*, 180 Cal. 546, 182 P. 29, and *Estate of Clark*, 190 Cal. 354, 212 P. 622. These cases hold in effect that, where the judgment roll in the first action shows that a defense, good as to the second action, was passed upon by the court in the first action, and there determined in favor of one of the parties and against the other, the judgment in the first action is a final and conclusive defense to the second action. This is undoubtedly the general rule, but evidently a distinction is made regarding a

5

judgment of unlawful detainer. The reason for this distinction appears to be that in an action [f]or unlawful detainer the court is without jurisdiction to try any issue, except that involving the possession of real property, and therefore any judgment rendered by such a court in such an action cannot affect the title to said real property. Nor is any finding of fact by the court, rendering judgment in the action for the possession of the real property, res adjudicata between the parties in a subsequent proceeding wherein the issue involved is the title to said real property. The action of unlawful detainer is a statutory proceeding, and is governed solely by the provision of the statute creating it. It was designed for the purpose of providing a speedy and summary remedy to determine the right to the possession of real property in the cases specified in the statute. It cannot be used for any other purpose than those enumerated therein.

. . .

Being thus limited in its scope and purpose, a judgment rendered in such an action can have no broader application than the proceeding itself, and, the latter being confined solely to the one issue of possession, judgments rendered therein cannot be extended to include other matters.

(Citations omitted.)

Therefore both of the lower court's findings concerning the nature and extent of Respondents' interest in the Fairview property or whether Appellants are estopped from denying any such interest are without legal significance and should not be considered in future proceedings to determine the parties' respective rights or interests in the property. We are not implying in any way the findings of those courts are incorrect.

## IV. ATTORNEY FEES

Both parties have requested attorney fees pursuant to I.C. § 6-324. Idaho Code § 6-324 states:

In any action brought under the provisions of this chapter, except in those cases where treble damages are awarded, the prevailing party shall be entitled to an award of attorney fees. For attorney fees to be awarded in cases requiring the three (3) days' notice as set forth in section 6-303 2., Idaho Code, it shall be necessary that the three (3) days' notice advise the tenant that attorney fees shall be awarded to the prevailing party.

The proper notice was given in this case. Respondents are the prevailing parties and therefore attorney fees and costs are awarded to them.

As in *Richardson*, this Court will affirm the district court's decision finding that no landlord/tenant relationship existed, and therefore no basis existed for an unlawful detainer action. Further, all other findings of extent of interest in the estate of either party or whether

estoppel applies are of no legal significance and must be decided in the trial court.  Attorney fees and costs to Respondents.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**